# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

―――――――――

FEDMET RESOURCES CORPORATION,

*Plaintiff-Appellee,*

v.

MAGNESIA CARBON BRICKS FAIR TRADE COMMITTEE,

*Defendant-Appellant,*

UNITED STATES,

*Defendant.*

―――――――――

On Appeal from the United States Court of International Trade
No. 1:23-cv-00117-MMB, Hon. M. Miller Baker

―――――――――

## DEFENDANT-APPELLANT'S
## MOTION TO EXPEDITE APPEAL

―――――――――

J. Michael Taylor
 *Counsel of Record*
Ashley C. Parrish
Daniel L. Schneiderman
Kellam M. Conover
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500
jmtaylor@kslaw.com

*Counsel for Magnesia Carbon Bricks
Fair Trade Committee*

November 17, 2025

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2026-1160 |
| **Short Case Caption** | Fedmet Resources Corporation v. US |
| **Filing Party/Entity** | Magnesia Carbon Bricks Fair Trade Committee |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/17/2025

Signature: /s/J. Michael Taylor

Name: J. Michael Taylor

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Magnesia Carbon Bricks Fair Trade Committee | The Committee is an ad hoc association comprised of the following U.S. producers of magnesia carbon bricks: | |
| | Magnesita Refractories Company | Magnesita Refractories Company is a subsidiary of RHI Magnesita N.V., a publicly traded company. |
| | HarbisonWalker International, Inc. ("HWI") | In 2023, HWI was acquired by Platinum Equity and now operates as a member of Calderys Group. |
| | Resco Products, Inc. | Resco Products, Inc. is a subsidiary of RHI Magnesita N.V., a publicly traded company |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

## GROUNDS FOR THE MOTION

Defendant-Intervenor Appellant Magnesia Carbon Bricks Fair Trade Committee respectfully requests that the Court expedite this appeal and its review of a decision by the Court of International Trade that dramatically narrows the scope of refractory bricks that this Court previously ruled are subject to antidumping and countervailing duty ("AD/CVD") orders ("*Orders*").

In seeking to expedite this appeal, Appellant asks only that the Court take modest steps to accelerate resolution of this case. In particular, Appellant requests that it be allowed to file its opening brief as promptly as possible, that Appellees be required to file their response briefs within the ordinary deadlines permitted under the rules (without any extension), and that the Court schedule this case for argument at its earliest convenience, with a decision before August 2026.

Granting expedition is necessary to prevent competitive harms to Appellant and the domestic refractory-brick industry resulting from the import of unfairly traded refractory bricks from China and Mexico that should be—but, under the Trade Court's decision, are not—subject to significant AD/CVD duties. Whereas this Court previously recognized

that magnesia carbon bricks ("MCBs") are within the *Orders*' scope, the Trade Court effectively nullified that ruling. It held that that an importer's MCBs are outside the scope of the *Orders* if they include trace amounts of alumina. As long as that ruling remains in place, importers are incentivized to flood the market with unfairly traded MCBs that contain trace amounts of alumina. That will irreparably harm Appellant, which is a group of domestic producers of MCBs.

It is therefore important for the Court to resolve this appeal as promptly as possible so that, on remand, Appellant can obtain the injunctive relief needed to prevent Customs from liquidating MCB entries without first requiring the importer to pay the applicable AD/CVD duties. Customs typically liquidates such entries within 314 days. Without an expedited schedule in place, importers will have an incentive to import as many MCBs with trace amounts of alumina as they can now—at dumped (and injurious) prices—on the expectation that those entries will be liquidated before the decision below is reversed.

Before filing this motion, Appellant conferred with counsel for the United States and with counsel for Fedmet Resources Corporation. On November 7, 2025, the United States stated its position as follows: "We

object to MCBFTC's motion to expedite its Federal Circuit appeal. First, we cannot consent to a proposal that prohibits us from filing motions for extension. In any event, all relevant personnel at the Department of Commerce have been furloughed due to the lapse in appropriations, and are unreachable for consultation on the terms of the schedule. Second, we take no position on the proposal to schedule oral argument, and defer to the Court. Third and last, we are not aware of any reason why a decision would be necessary in August 2026." On November 10, 2025, Fedmet stated that it takes the same position as the government.

## STATEMENT OF RELIEF SOUGHT

Appellant respectfully requests expedited briefing on this motion, expedited briefing in this appeal, an order scheduling the case for oral argument at the Court's earliest convenience, and resolution before August 2026.

## BACKGROUND

This appeal seeks review of a Trade Court ruling on the scope of certain AD/CVD orders that this Court construed in *Fedmet Resources Corp. v. United States* (*Fedmet I*), 755 F.3d 912 (Fed. Cir. 2014).

In 2010, the Department of Commerce imposed AD/CVD duties on all MCBs from China and Mexico that contain "at least 70 percent

magnesia." *Fedmet I*, 755 F.3d at 915–16 (quotation marks omitted). MCBs are refractory bricks used to line ladles and furnaces that steelmakers use to make and handle steel. *Id.* at 914. The *Orders* impose on covered products antidumping ("AD") duties of up to 236% for imports from China and 57.90% for imports from Mexico, plus countervailing duties ("CVD") of up to 253.87% for imports from China. *Certain Magnesia Carbon Bricks from Mexico and the People's Republic of China: Antidumping Duty Orders*, 75 Fed. Reg. 57257 (Sep. 20, 2010); *Certain Magnesia Carbon Bricks from the People's Republic of China: Countervailing Duty Order*, 75 Fed. Reg. 57442 (Sep. 21, 2010). These duties protect Appellant and other domestic producers who have been injured by unfairly traded MCBs imported from China and Mexico.

In *Fedmet I*, this Court held that the *Orders* do not cover functionally different bricks known as magnesia alumina carbon bricks ("MACs"). *See* 755 F.3d at 919. MCBs and MAC bricks are "well-understood in the refectories industry" as different categories of refractory bricks. *Id.* at 921. MAC bricks perform differently than MCBs because they have sufficient alumina to form a mineral called "spinel," "which prevents cracks" when heated to steelmaking temperatures. *Id.*

at 917. In contrast, MCBs cannot form spinel, as they lack sufficient amounts of alumina. *See id.* at 917, 919–20*; see also Fedmet Res. Corp. v. United States*, 911 F. Supp. 2d 1348, 1351 (Ct. Int'l Trade 2013), *reversed and remanded, Fedmet I*, 755 F.3d 912 (Fed. Cir. 2014); Dkt. 48 at Appx01014. Because of their different properties, MCBs and MAC bricks are used to line different areas of furnaces and ladles that face different amounts of wear during the steelmaking process. 755 F.3d at 915.

Relevant here is the line dividing between in-scope MCBs and out-of-scope MAC bricks. The bricks at issue in *Fedmet I* were Fedmet's "Bastion" line of MAC bricks containing 8–15% alumina. *See Fedmet I*, 755 F.3d at 916. Because there was no dispute that those bricks were "MAC" bricks, there was no need in *Fedmet I* for this Court to identify a "'cut-off point' at which addition of alumina to an MCB transforms it into a MAC brick." *See id.* at 921. The Court instead merely held that all MAC bricks are out-of-scope, while acknowledging that "the terms 'magnesia carbon brick' and 'magnesia alumina carbon brick' are ubiquitous and well-understood in the refractories industry." *Id.*

After *Fedmet I*, Commerce determined that, according to industry standards and performance characteristics, bricks must have at least 5%

alumina content to qualify as out-of-scope MAC bricks. *See Fedmet Res. Corp. v. United States* (*Fedmet II*), 2024 WL 5088294, at *3 & n.6 (Ct. Int'l Trade Dec. 12, 2024). Without sufficient alumina, the spinel formation distinctive to MAC bricks does not occur and, regardless of how they might be labeled, the bricks function as (and therefore qualify as) in-scope MCBs.

In this follow-on case, the Trade Court erased that distinction. After Commerce reaffirmed its earlier 5% demarcation line, the Trade Court reversed and remanded. It mistakenly read *Fedmet I* to "teach[ ] that the addition of *any* alumina to an MCB takes it outside the orders." *Fedmet II*, 2024 WL 5088294, at *5. Under that ruling, "the orders do not cover MCBs" that contain traces of alumina, even when they remain functionally identical to other in-scope MCBs and would not be considered to constitute MAC bricks in the industry. *Id.* at *6.

On remand, Commerce issued a redetermination under protest that conformed to the Trade Court's (erroneous) interpretation of *Fedmet I*. *See Fedmet Res. Corp. v. United States*, 2025 WL 2860662 (Ct. Int'l Trade Oct. 9, 2025). The Trade Court then rejected Appellant's challenge to that redetermination, reiterating that "[i]n [that] court's reading, *Fedmet* [*I*]

6

rejected any such demarcation" between MAC bricks and MCBs with added alumina content. *Id.* at *1.

As a result of the judgment below, Customs will be instructed to stop suspending entries or collecting AD/CVD duties on entries of MCBs containing trace amounts of alumina. Such entries typically liquidate after 314 days. *See* CSMS No. 97-000727, CBP's 314-Day Liquidation Cycle-Trade Notice ("314-Day Notice") (Aug. 4, 1997), *available at* https://www.gistnet.com/csms-sample/97-000727.html. If this appeal is left unresolved by that time, entries made during the pendency of this action could liquidate without payment of any AD/CVD duties.[1] Absent expedition of this appeal, therefore, importers will be incentivized to import as many MCBs with trace amounts of alumina as they can at unfairly traded (and injurious) prices.

## ARGUMENT

The appeal process may be expedited *sua sponte* or by motion of a party on good cause. *See* Fed. R. App. P. 2. "[A] motion for expedited proceedings is the procedural vehicle to request accelerated consideration

---

[1] Due to the finality of liquidation, that error would not be susceptible to correction—even if this Court ultimately agrees with Appellant on the merits. *See* 19 U.S.C. § 1514.

of an appeal or petition for review, and it should be filed immediately after docketing." Fed. Cir. R. 27 Practice Notes. "Such a motion is appropriate where the normal briefing and disposition schedule may adversely affect one of the parties." *Id.*

Good cause exists to expedite this appeal: Until the erroneous decision below is reversed, Appellant faces severe competitive harm from unfairly traded MCBs. For the eleven years since this Court's ruling in *Fedmet I*, foreign importers have known that the *Orders* apply to their MCBs, and that only MAC bricks—as understood by industry and performance standards—fall outside the *Orders*' scope. As Commerce has previously explained, a defining characteristic of out-of-scope MAC bricks is that they can form spinel under steelmaking conditions, which requires alumina content of at least 5%. *See Fedmet II*, 2024 WL 5088294, at *3 & n.6; *see also* Dkt. 48 at Appx01014. Importers have long understood that only bricks of at least 5% alumina content are out-of-scope and not subject to AD/CVD duties. *See Fedmet II*, 2024 WL 5088294, at *3 & n.6.

Under the Trade Court's new ruling, however, standard MCBs would fall outside the scope of the *Orders* as long as they contain some small amount of alumina. MCBs commonly include some small but

measurable amount of alumina. To take one example, Appellee Fedmet has never contested that its "Pinnacle" brand of refractory bricks—which contain between just 0.2% and 0.5% alumina, *see* Dkt. 48 at Appx01014 n.23—are MCBs, not MAC bricks. *See id.* at Appx01284. And yet, under the Trade Court's erroneous ruling, trace amounts of alumina would be sufficient to remove such MCBs from the scope of the *Orders*—even though they function as MCBs and would be considered MCBs in the industry. So under the Trade Court's ruling, Fedmet could try to import as many Pinnacle MCBs as it wants—without having to pay the AD/CVD duties that the *Orders* require.

Even if their MCBs do not include trace amounts of alumina, foreign importers can easily add trace amounts of alumina to their MCBs without impacting product performance, as no MCB applications require 100% alumina-free bricks. In other words, foreign importers now have every incentive to ensure that their MCBs include miniscule amounts of alumina to avoid having to pay any AD/CVD duties. Until the Court resolves this appeal, any importer of MCBs could avoid AD/CVD duties required by the *Orders* by merely sprinkling alumina into its brick formula.

The U.S. International Trade Commission ("Commission") has found that domestic MCB producers have *already* been materially harmed by unfairly traded MCBs from China and Mexico. USITC Pub. No. 4182 (Sep. 2010). Significantly, the Commission specifically considered bricks with 4.6% alumina to be among the imports causing injury. *See Fedmet I*, 755 F.3d at 924 (Wallach, J., dissenting). More recently, the Commission found in its latest sunset review that material injury would recur if the *Orders* were revoked. USITC Pub. No. 5223 (Aug. 2021), *Certain Magnesia Carbon Bricks from Mexico and the People's Republic of China: Continuation of Antidumping Duty Orders and Countervailing Duty Order*, 86 Fed. Reg. 46676 (Aug. 19, 2021).

That is precisely the injury that Appellant and other domestic MCB producers now face. Because all MCBs either already contain some trace amount of alumina or easily could be manipulated to contain trace amounts, the Trade Court's ruling effectively revokes the *Orders*. During the pendency of the appeal, the domestic industry thus has little protection from dumped and subsidized MCBs—which could be imported in unlimited volumes at unfairly traded (and injurious) prices. Such imports will begin liquidating just 314 days after entry—or as soon as

August 2026. *See* 314-Day Notice, *supra*. Because liquidation is final, any liquidation of MCBs without payment of AD/CVD duties cannot later be corrected—even if this Court ultimately agrees with Appellant on the merits. *See* 19 U.S.C. § 1514. Accordingly, expedition is needed to minimize foreign importers' ability to flood the market with MCBs (with trace amounts of alumina), thereby irreparably harming Appellant and other domestic MCB producers. Additional support for the expected harm to the domestic industry (absent expedition of this appeal) is provided in the declaration attached to this motion.

Appellant intends to file its opening brief in this appeal as soon as possible after the administrative record has been filed and served, and Appellant does not intend to seek any extensions of time for subsequent filings. To ensure this case moves forward expeditiously, Appellant requests that (1) Respondent be held to the ordinary 40-day deadline under the Rules for filing its response brief and not be permitted any extensions, *see* Fed. Cir. R. 31(a)(2); (2) the case be scheduled for oral argument at the soonest available sitting after briefing is complete; and (3) the panel issue a decision at its earliest convenience before August 2026. That would provide Appellant sufficient time on remand to seek

the emergency relief needed to prevent Customs from further implementing the Trade Court's erroneous order before the 314-day liquidation deadline expires for entries made after that order issued.

In addition, Appellant requests that the Court expedite briefing on this motion—with any response due within 7 (seven) days, on November 24, 2026, and any reply due 4 (four) days later, on November 28, 2026.

*    *    *

Accordingly, Appellant respectfully requests that the Court expedite briefing on this motion, expedite briefing in this appeal, and enter an order scheduling the case for oral argument and resolution at the Court's earliest convenience before August 2026.

Dated: November 17, 2025

Respectfully submitted,

*/s/ J. Michael Taylor*

J. Michael Taylor
 *Counsel of Record*
Ashley C. Parrish
Daniel L. Schneiderman
Kellam M. Conover
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500
jmtaylor@kslaw.com

*Counsel for Magnesia Carbon Bricks
Fair Trade Committee*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I certify that this motion:

(i) complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) and Federal Circuit Rule 27(a) because it contains 2,326 words, including footnotes and excluding the parts of the brief exempted by Federal Circuit Rule 32(b) and Federal Rule of Appellate Procedure 32(f); and

(ii) complies with the typeface and style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because this document has been prepared using Microsoft Office Word and is set in 14-point Century Schoolbook font.

Date: November 17, 2025

*/s/ J. Michael Taylor*
J. Michael Taylor

*Counsel for Magnesia Carbon*
*Bricks Fair Trade Committee*

## DECLARATION OF MARK J. PLANTAN
## IN SUPPORT OF MOTION TO EXPEDITE APPEAL

I, Mark Plantan, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am the General Counsel of Magnesita Refractories Company ("Magnesita"), a member of the Magnesia Carbon Bricks Fair Trade Committee, which is Defendant-Intervenor Appellant in the above-captioned action. I have personal knowledge of the facts set forth herein.

2.      Magnesita is a domestic producer of magnesia carbon bricks ("MCBs"), which is a type of refractory brick used to line ladles and furnaces employed in steelmaking. MCBs are distinct from magnesia alumina carbon bricks ("MAC bricks"), which is a different type of refractory brick.  Unlike MCBs, MAC bricks contain sufficient amounts of alumina to form a mineral called "spinel" when heated to steelmaking temperatures.  MCBs and MAC bricks have different performance characteristics, they are used in different locations within the steelmaking ladle or furnace, and they are not perceived by customers as being substitutable.

4.      Our business has been significantly affected by having to compete against unfairly traded imports of MCBs from China and

Mexico. The International Trade Commission found that the domestic industry was materially injured by reason of such imports, leading to the imposition of anti-dumping and countervailing-duty Orders by the Department of Commerce in 2010. Those orders impose antidumping ("AD") duties of up to 236% for imports of MCBs from China and 57.90% for imports of MCBs from Mexico, plus countervailing duties ("CVD") of up to 253.87% for imports of MCBs from China.

5.    We intervened in this litigation because Fedmet Resources Corporation, an importer, contended that its Chinese MCBs are excluded from the above-mentioned duties.

6.    In the decision we have appealed in this case, the Trade Court ruled that MCBs with even just trace amounts of alumina fall outside the scope of those Orders and therefore are not subject to the above-mentioned AD/CVD duties. That ruling effectively nullifies the Orders, because all MCBs either already contain trace amounts of alumina or easily could be modified to contain trace amounts of alumina. Bricks with only trace amounts of alumina would still be (and perform as) MCBs, would not form spinel under steelmaking conditions, and would not be considered "MAC bricks" by the industry.

7.     After the Trade Court's decision, importers will be able to enter MCBs with trace amounts of alumina without the payment of AD/CVD cash deposits and duties.  In other words, as long as their bricks contain trace amounts of alumina, importers are now free to flood the market with MCBs that compete directly with the MCBs sold by Magnesita without any of the protections afforded by the AD/CVD Orders.

8.     The effective nullification of the AD/CVD Orders will have potentially devastating consequences for the domestic industry. The International Trade Commission has already found that the domestic industry's material injury would continue or recur if the Orders were revoked.

9.     As of 2020 (the most recent year for which aggregate industry data are available from the Commission), U.S. producers had annual MCB sales of $143 million.  USITC Publication No. 5223 (Aug. 2021) at Table I-3.  During that year, there were no imports of MCBs from Mexico, and imports from China comprised just 3.3% of domestic consumption, by value.  *Id.* at Table I-5.  At the time, however, Chinese and Mexican imports of MCBs were subject to high AD/CVD deposits.  Absent the

AD/CVD relief, imports naturally would revert to levels preceding the imposition of the Orders, when imports from China alone were as large as 67.3% of total U.S. production.  *See* USITC Publication No. 4182 (Sep. 2010) at Table IV-5a.  Such a massive increase in imports would be devastating to the domestic industry.

10.    I understand that, in the normal course, entries of MCBs made after the Trade Court's erroneous decision are scheduled to "liquidate" in 314 days—or as soon as August 19, 2026.  After liquidation is final, it will be impossible to recover any AD/CVD duties on those entries, even if this Court were to subsequently reverse the decision below.

11.    It is therefore important that this litigation be resolved as quickly as possible.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 7th day of November, 2025, in Casselberry, Florida.

_____
Mark Plantan